UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER CHARLES EARLY             CIVIL ACTION

VERSUS                                NO. 15-377-JJB-EWD

WEST BATON ROUGE POLICE
DEPARTMENT

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 24, 2016.

ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER CHARLES EARLY                        CIVIL ACTION

VERSUS                                           NO. 15-377-JJB-EWD

WEST BATON ROUGE POLICE
DEPARTMENT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff initially filed his Complaint and Application to Proceed In Forma Pauperis (R. Doc. 1) with the Southern District of Texas on February 5, 2014. The Magistrate Judge in that district issued a Report and Recommendation recommending the case be transferred to the Middle District of Louisiana, which was adopted by the District Judge in the matter.[1] On June 9, 2015, an Order to Transfer Case was issued and the matter transferred to the Middle District of Louisiana.[2] On July 14, 2015 the matter was set for a scheduling conference to be conducted on September 24, 2015, with a Status Report due September 10, 2015.[3]

The court granted the plaintiff's Application to Proceed In Forma Pauperis and requested the summons not be issued until directed to do so by the court.[4] The court then issued a Scheduling Conference Order on September 28, 2015, indicating that plaintiff failed to file a status report, failed to appear before the court for the scheduling conference, and did not contact the court regarding his failure to appear.[5] The Scheduling Order Report further advised that a *Spears*

---

1 R. Doc. 3.
2 R. Doc. 6.
3 R. Doc. 8.
4 R. Doc. 9.
5 R. Doc. 10.

hearing would be set to determine whether the complaint should be dismissed as frivolous or for failure to state a claim on which relief can be granted.

A separate Order Setting Hearing was filed the same day setting the *Spears* hearing for October 16, 2015 before the previously assigned Magistrate Judge.[6] The Order Setting Hearing states: "Plaintiff is required to appear in person for this hearing. Failure to do so may result in his Complaint being dismissed without further notice." The Order Setting Hearing was sent to Christopher Charles Early, 2212 Rhodes Ave., Baton Rouge, LA 70802.[7] Mr. Early was not required to file any document into the record, but failed to appear for the *Spears* hearing at the assigned date and time.

Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.

Although the rule speaks of dismissal pursuant to a motion by the defendant, a district court may dismiss *sua sponte,* with or without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) *citing Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

Dismissal is a serious sanction that implicates due process. *See e.g., FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir.1994). Moreover, "[t]he imposition of a sanction without a prior warning

---

6 R. Doc. 11.
7 When Mr. Early initially filed the Complaint in the Southern District of Texas, he indicated his address was _. By the time the case was transferred to this district, Mr. Early's address had been updated to the Rhodes Ave. address. (R. Doc. 7).

is to be avoided." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993).   There is no lesser sanction that would be adequate under these circumstances.  The court had previously withheld issuance and service of the summons in this matter, presumably to make an early determination as to whether the complaint should be dismissed as frivolous or for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915(e).   The plaintiff's failure to file the Status Report, and failure to appear for the scheduling conference or *Spears* hearing have prevented the court from being able to make that determination.

Dismissal under these circumstances is within the court's discretion.   In light of the record of failure to appear, despite a clear warning that continued failure to appear might result in dismissal of the action, the court finds that the Complaint should be dismissed, but without prejudice.

## RECOMMENDATION

It is recommended that this matter be dismissed without prejudice for the reasons set forth above.

Signed in Baton Rouge, Louisiana, on March 24, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**